UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACQUELYN BONFIGLIO,

      Plaintiff,

v.                                                                            Case No.

CITY OF PORT RICHEY,

      Defendant.

## NOTICE OF REMOVAL

To:    The Honorable Judges of the United States District Court
      For the Middle District of Florida

The Defendant, CITY OF PORT RICHEY, by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and Rule 1.06, Local Rules for the Middle District of Florida, hereby files this Notice of Removal requesting removal of *Jacquelyn Bonfiglio v. City of Port Richey*, Case No. 2026-CA-625-WS, currently pending in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida. In support of removal of this action, Defendant states as follows:

## GROUNDS FOR REMOVAL

1.    This is a Notice of Removal of an action filed by Jacquelyn Bonfiglio against the City of Port Richey in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, Case No. 2026-CA-625-WS ("State Court Litigation") on February 19th, 2026. Copies of all pleadings, exhibits, and service filed to date in the

**ALLEN NORTON & BLUE, P.A.**
PROFESSIONAL ASSOCIATION

State Court Litigation are attached as composite Exhibit A and are incorporated herein by reference. Service of the Complaint in the State Court Litigation was made on March 17, 2026.

2.    Plaintiff's Complaint in the State Court Litigation alleges causes of action for various federal and state statutory violations, including the Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg *et seq.* ("PWFA"); Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the Family Medical Leave Act, 29 U.S.C § 2615 *et seq.* ("FMLA"); and the Florida Civil Rights Act, § 760.01 *et. seq.*, Florida Statutes ("FCRA").

3.    Pursuant to 28 U.S.C. § 1331, the district courts have original jurisdiction over all civil actions arising under the laws of the United States. Federal question jurisdiction is apparent on the face of the Plaintiff's Complaint as Plaintiff asserts violations of, and seeks relief based on, her claims brought under the PWFA, Title VII, and the FMLA.

4.    Further, pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over any of Plaintiff's state law claims which this Court determines are so related to Plaintiff's federal claims that they essentially form part of the same case or controversy for which this Court has original jurisdiction. In addition to alleging causes of action under the PWFA, Title VII, and the FMLA, Plaintiff's Complaint alleges two causes of action arising under the FCRA, namely, claims for pregnancy

2

SPDN-868764429-3683434

discrimination and retaliation. Plaintiff's FCRA claims are indisputably related to her PWFA and Title VII claims, as she is alleging the same facts to support all of her claims brought against Defendant. Additionally, as Florida courts recognize that actions under the FCRA are analyzed under the same framework as Title VII, the assessment of the merits of the Plaintiff's FCRA and Title VII claims are identical. *Giles v. Daytona State Coll., Inc.*, 542 Fed. App'x 869, 872 (11th Cir. 2013) (*citing Harper v. Blockbuster Entm't Corp.,* 139 F.3d 1385, 1387 (11th Cir. 1998)); *Johnson v. Great Expressions Dental Ctrs. Of Fla., P.A.*, 132 So.3d 1174 (Fla. 3d DCA 2014).

7.      Pursuant to 28 U.S.C. § 1446(b), Defendant has timely filed this Notice of Removal, and therefore, respectfully requests this Court to assume original jurisdiction over Plaintiff's federal claims under the PWFA, Title VII, and the FMLA, as well as to assume supplemental jurisdiction over Plaintiff's state claims under the FCRA.

8.      In accordance with 28 U.S.C. § 1446(d), Defendant has provided written notice of this Notice of Removal to Plaintiff and is filing a copy of this Notice (less attachments) with the Clerk of the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida.

**WHEREFORE**, Defendant respectfully petitions this Court to remove *Jacquelyn Bonfiglio v. City of Port Richey*, Case No. 2026-CA-625-WS, from the Circuit

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

SPDN-868764429-3683434

Court of the Sixth Judicial Circuit, in and for Pasco County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.

Respectfully submitted,

*s/ Brian Koji*

BRIAN KOJI
Florida Bar No. 116297
JAMES M. ORCHARD
Florida Bar No. 1068706
*Counsel for Defendant*

**ALLEN NORTON & BLUE, P.A.**
Hyde Park Plaza - Suite 225
324 South Hyde Park Avenue
Tampa, Florida 33606-4127
(813) 251-1210 | (813) 253-2006 – Fax
E-mail:bkoji@anblaw.com
        jorchard@anblaw.com
Secondary: mmcadams@anblaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of March 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Kevin C. Kostelnik (kevin@tiffanycruzlaw.com) and Tiffany R. Cruz (tiffany@tiffanycruzlaw.com and Parker@tiffanycruzlaw.com) of the Cruz Law Firm. P.A., 325 N. Calhoun St., Tallahassee, FL 32301.

*s/ Brian Koji*

ATTORNEY

4

SPDN-868764429-3683434